**UNITED STATES of America,**
**Appellee,**

v.

**Abdullah ALSHALABI, Defendant–**
**Appellant.**

**No. 06–3822–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 1, 2007.

Michael Hurwitz, Esq., Hurwitz Stamper & Roth, New York, NY, for Defendant–Appellant.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York; Licham Nyiendo, Assistant United States Attorney; Peter A. Norling, Assistant United States Attorney, Brooklyn, NY, for Appellee.

Present: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Abdullah Alshalabi ("Alshalabi") appeals from an August 4, 2006 judgment of the United States District Court for the Eastern District of New York (Dearie, J.), convicting him, following a guilty plea, of one count of conspiracy to distribute and possess with intent to distribute a controlled substance containing MDMA, in violation of 21 U.S.C. § 846, and sentencing him principally to 72 months imprisonment. We assume the parties' familiarity with the underlying facts and relevant procedural history of this case.

Alshalabi argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. Under Fed. R.Crim.P. 11(d)(2)(B), a defendant "may withdraw a plea of guilty ... after the court accepts the plea, but before it imposes sentence[,] if ... the defendant can show a fair and just reason for requesting the withdrawal." We review a district court's denial of a motion to withdraw a plea of guilty for abuse of discretion. *United States v. Maher,* 108 F.3d 1513, 1529 (2d Cir.1997).

Alshalabi sought to withdraw his plea in the district court on the grounds that he is innocent, lacked sufficient time with his attorney, was hampered by the use of a translator, and did not sufficiently understand the law. We find that the district court did not abuse its discretion in denying his motion. Alshalabi's claim of innocence is belied by the unequivocal statements he made on the record concerning his guilt. *Maher,* 108 F.3d at 1530 ("The self-inculpatory statements he made under oath at his plea allocution 'carry a strong presumption of verity.'" (quoting *Black-*

*ledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977))). Moreover, prior to accepting Alshalabi's plea, Judge Dearie asked several times, and in several different ways, whether Alshalabi had adequate time with his attorney, was satisfied with the representation she had provided, and understood the charges to which he was pleading guilty. The district court considered Alshalabi's demeanor, education level, and took great care in confirming the voluntariness of his decision to plead guilty. Under these circumstances, we find no abuse of discretion.

Accordingly, the district court's judgment is AFFIRMED.